UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey T. Richards, | ) | C/A: 4:17-1271-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| Lisa Belcher, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant's Motion to proceed *in forma pauperis* (ECF No. 3) is GRANTED.

Defendant, proceeding *pro se* and *in forma pauperis*, has filed documents in an attempt to remove a case from state magistrate's court to this federal district court. The statute governing the procedure for removal of civil actions, 28 U.S.C. § 1446, requires Defendant to file a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Notice must contain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Defendant. 28 U.S.C. § 1446. Defendant has failed to comply with either of these requirements under the removal procedure statute. Defendant did not file a signed notice of removal. Failure to comply with the procedures for removal in and of itself may warrant remand. *Nat'l Union Fire Ins. Co. v. Louth*, 40 F. Supp. 2d 776 (W.D. Va. 1999); *see also Ex parte Bopst*, 95 F.2d 828, 829 (4th Cir. 1938)("in removal proceedings the provisions of the removal statute must be strictly followed, and that procedural matters thus become jurisdictional").

Defendant did not attach Plaintiff's Complaint, but it is clear from the filings– including, but not limited to, identifying the style of the case as that contained in the state court action (including identifying herself as the Defendant) and the relief Defendant is seeking that the state court "rule to vacate or show cause be dismissed"– Defendant is attempting to remove an action for ejectment for

failure to pay rent.[1] Plaintiff is Defendant's landlord. Defendant appears to identify defenses or counterclaims under federal laws, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and the Fair Housing Act, 41 U.S.C. § 3601.

A district court may *sua sponte* remand a case to state court based on lack of subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). The presence or absence of federal question jurisdiction is governed by the "well pleaded complaint" rule. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) and *Holmes Group, Inc. v. Vornado Air Circulation Sys, Inc.*, 535 U.S. 826, 831 (2002). Federal jurisdiction exists only when a federal question is present on the face of a properly pleaded complaint. The removing defendant has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Upon the record before the court, there is no federal question jurisdiction arising from the allegations by the Plaintiff in the state court action.

To the extent Defendant seeks federal question jurisdiction by way of defenses or counterclaims asserting federal law, such counterclaims do not allow removal of the action. *See Caterpillar*, 482 U.S. at 392 and *Holmes*, 535 U.S. at 831. A plaintiff is master of his complaint and may avoid federal jurisdiction by relying exclusively on state law. *Id.* Counterclaims cannot serve

---

[1] State court records for cause no. 2017-cv-261091850 contained on the public index also indicate the proceeding is for the purpose of seeking the ejectment of Defendant from Plaintiff's property. See generally, http://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx (with search parameters limited by Defendant's name). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

as a basis for federal question jurisdiction on removal. *See id*. Removal to this court in the instant action is not authorized by 28 U.S.C. § 1441. Therefore, the Court lacks jurisdiction to retain this action.

Based on the foregoing, IT IS ORDERED that this case is remanded to state court for disposition. *See, e.g., Johnson v. Wyeth*, 313 F. Supp. 2d1272, 2004 WL 771050 (N.D. Ala. Apr. 6,2004); *Wyatt v. Walt Disney Co.*, No. 97-116,1999 WL 33117255 (W.D.N.C. July 26,1999); *Bristol-Meyers Squibb Co. V. Safety National Casualty Corp.*, 43 F.Supp. 2d 734,737 (E.D.Tex. 1999); *Vaquillas Ranch Company v. Texaco Exploration & Production. Inc.*, 844 F. Supp. 1156,AO 72A (Rev.8/82) 1160-1163 (S.D.Tex. 1994)(criticizing the rationale in *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148 (D.N.J. 1990), and distinguishing *Long v. Lockheed Missiles & Space Co.*, 783 F.Supp. 249 (D.S.C. 1992)); *Holt v. Tonawanda Coke Corporation*, 802 F. Supp. 866, 868 (W.D.N.Y. 1991); *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467 (W.D.Pa. 1990); *City of Jackson v. Lakeland Lounge of Jackson. Inc.*, 147 F.R.D. 122, 124 (S.D. Miss. 1993)(a remand is "nondispositive and can be determined by a magistrate judge by final order."); *Unauthorized Practice of Law Committee v. Gordon*, 979 F.2d 11, 12-13 (1st Cir. 1992). *But see Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2002); *First Union Mortgage Corp. v. Smith*, 229 F.3d 991 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998).

To avoid the problems that arose in *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, supra, 147 F.R.D. at 123-124, IT IS FURTHER ORDERED that the Office of the Clerk of Court shall not immediately certify this Order to the Horry County Magistrate Court. If both parties in the above-captioned case fail to file an appeal of this Order or written objections to this Order (if this Order is treated as a Report and Recommendation) within fourteen (14) days after this Order is filed,

the Office of the Clerk of Court shall then certify this Order to the Horry County Magistrate Court. If, however, either party files an appeal of this Order or written objections to this Order (if this Order is treated as a Report and Recommendation), the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any appeal or objections to a United States District Judge for a final disposition. *Vaquillas Ranch Company v. Texaco Exploration & Production, Inc*., supra, 844 F. Supp. at 1163; *McDonough v. Blue Cross of Northeastern Pennsylvania*, supra, 131 F.R.D. at467 [order]; Long, 783 F. Supp. 249. [Report and Recommendation].

IT IS SO ORDERED.

s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III

May 18, 2017                                           United States Magistrate Judge
Florence, South Carolina

**Failure to timely appeal or file specific written objections to this Order will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**